IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GARY TURNER and ANA MARIA TURNER, | § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:22-CV-1237-RP |
| LAM RESEARCH CORPORATION, | § § | |
| Defendant. | § § | |

**ORDER**

Before the Court are Defendant Lam Research Corporation's ("Defendant") motion to dismiss, (Dkt. 8), motion for Rule 11 sanctions, (Dkt. 12), motion to set a schedule on the motion for sanctions, (Dkt. 15), and the parties' responsive briefing, (Dkts. 9, 11, 16, 17). Having reviewed the record, the law, and the parties' briefing, the Court will grant the motion to dismiss, deny the motion for sanctions, and moot the motion to schedule.

**I. BACKGROUND**

From 1984 to 1989, Plaintiff Gary Turner was employed by Defendant in their California office. (*Id.* at 4). In 1988, he received 2,375 (pre-split) common shares from Defendant. (*Id.*). A year later, Defendant issued an "Agreement and Plan of Merger" so that the company could transfer its articles of incorporation from California to Delaware. (*Id.* at 5). Plaintiff Gary Turner held onto his shares during this transfer period. (*Id.*). Around 2020, Plaintiffs Gary Turner and his wife Ana Maria Turner ("Plaintiffs") tried to deposit their shares, now worth around $4,800,000, plus dividends. (*Id.* at 6). However, upon attempting to deposit the shares, Defendant informed Plaintiffs' stockbroker that there was no record of Gary Turner's ownership. (*Id.*). Plaintiffs allege that they have held onto their shares since they were first issued, and any failure to keep track of the shares rests with Defendant. (*Id.* at 8–9). In their complaint, they claim that Defendant breached its fiduciary duty and

1

negligently kept records of its stocks. (*Id.*). They bring suit to recover ownership of their shares and lost dividend revenue.

On February 14, 2022, Plaintiff Gary Turner filed a complaint against Defendant in the United States District Court for the Northern District of Illinois. (*Id.* at 3). The complaint based its personal jurisdiction off the residency of Computershare, Inc., the stock transfer agent for Defendant, which has offices in Illinois. (*Id.*). Defendant moved to dismiss for lack of personal jurisdiction, which the Court granted, dismissing the case without prejudice. (*Id.*). Gary Turner filed an amended complaint, but subsequently filed a stipulation of dismissal, which closed the case. (*Id.*). On November 23, 2022, Plaintiffs refiled their complaint in the instant case in the United States District Court for the Western District of Texas. (*Id.* at 1).

On January 11, Defendant moved to dismiss for lack of jurisdiction. (Mot. Dismiss, Dkt. 8). Defendant argues that there is no personal jurisdiction in Texas because it is a Delaware corporation with its principal place of business in California. (*Id.* at 2). Its only related Texas connection to the litigation is Plaintiffs' residency in the State, which appears less than a year old. (*Id.* at 2–3). Plaintiffs respond by stating that Defendant maintains two corporate offices in Texas, hires and conducts business in the State, and is thus subject to both general and specific jurisdiction in the state. (Pls.' Resp., Dkt. 9, at 6–10).

## II. LEGAL STANDARDS

### A. Motion to Dismiss

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(2). On such a motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court may determine the jurisdictional issue "by receiving affidavits,

interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.*

But when, as here, the Court rules on the motion without an evidentiary hearing, the plaintiff need only present a *prima facie* case that personal jurisdiction is proper; proof by a preponderance of the evidence is not required. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.* Nevertheless, a court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

### B.  Motion for Sanctions

The Court may impose sanctions under Rule 11 if: (1) a document has been presented for an improper purpose; (2) the claims or defenses of the signer are not supported by existing law or by a good-faith requirement for an extension or change in existing law; or (3) the allegations and other factual contentions lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation. Fed. R. Civ. P. 11(b)(1)–(3). In determining whether to impose sanction under Rule 11, the Court should consider:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect is had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants

Fed. R. Civ. P. 11 advisory committee's notes to 1993 amendments.

### III. DISCUSSION

### A. Motion to Dismiss

3

Because Defendant is not incorporated in Texas and its principal place of business is in California, Plaintiffs have the burden to establish a *prima facie* case for this Court's personal jurisdiction over them. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). A federal district court may exercise personal jurisdiction over a nonresident defendant if "(1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010). Because Texas's long-arm statute extends as far as constitutional due process allows, the two-step inquiry "collapses into one federal due process analysis." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).

Exercising personal jurisdiction over a nonresident defendant is compatible with due process when "(1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Walk Haydel*, 517 F.3d at 243 (cleaned up). There are two types of minimum contacts: those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction. *Lewis*, 252 F.3d at 358. Here, Plaintiffs argue that Defendant is subject to both general and specific jurisdiction. (Resp., Dkt. 9, at 6–8). The Court will first address general jurisdiction before turning to specific jurisdiction.

1. General Jurisdiction

General jurisdiction applies "where a foreign corporation's continuous corporate operations within a state are so substantial and of such a nature as to justify suit against it on a cause of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (cleaned up). *See also Frank v. PNK (Lake Charles)*, 947 F.3d 331, 339 (same). "General jurisdiction exists over a non-resident corporation when its 'affiliations with the State are so

'continuous and systematic' as to render [it] essentially at home in the forum State." *Frank*, 947 F.3d at 336 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).) "There are two 'paradigm' forums in which a corporate defendant is 'at home' … (1) the corporation's place of incorporation and (2) its principal place of business." *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (citations omitted). "[I]t is incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Id.*

Here, the complaint alleges that Defendant is a Delaware corporation with its principal place of business in California. (Compl., Dkt. 1, at 2). The only connection to Texas is the Plaintiffs' recent move to the State. (*Id.*). As there are no allegations in Plaintiffs' complaint of continuous and systematic contacts, there is no basis for this Court to assert general jurisdiction over Defendant. In response, Plaintiffs argue that there is general jurisdiction because Defendant has two corporate offices in the state (specifically in Austin and Richardson) and is hiring employees in Texas. (Pls.' Resp., Dkt. 9, at 6). Plaintiffs primarily rely on one Fifth Circuit case for support: *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465 (5th Cir. 2006). However, *Luv N' care* dealt with specific jurisdiction, not general jurisdiction. *Id.* at 469 ("This case presents only the question of specific jurisdiction."). The case says nothing about general jurisdiction other than to restate the general Supreme Court standard. *Id.*

Plaintiffs cite no authority for the proposition that a corporate office is sufficient to establish "continuous and systematic" contacts. The inquiry is whether a corporation's operations are "so substantial and of such a nature as to render the corporation at home in the forum State." *Seville*, 53 F.4th at 895. "Even though a corporation might 'operate in many places,' it cannot 'be deemed at home in all of them' because unpredictability would follow and jurisdictional rules are meant to 'promote greater predictability.'" *Frank*, 947 F.3d at 337 (quoting *Goodyear*, 564 U.S. at 137–39). Nothing in Plaintiffs' complaint or response suggests substantial operations in Texas that meet this

"incredibly difficult" threshold. *Id.* at 336. Accordingly, the Court lacks general jurisdiction over Defendant.

### 2. Specific Jurisdiction

Specific jurisdiction applies when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel*, 517 F.3d at 243. Conduct unrelated to a plaintiff's claims is irrelevant to the exercise of specific personal jurisdiction. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006) (stating that the Due Process Clause bars the exercise of specific jurisdiction over claims that do not arise out of the defendant's forum contacts); *see also Jackson v. FIE Corp.*, 302 F.3d 515, 530 (5th Cir. 2002) (stating that personal jurisdiction exists only if a cause of action arises from or relates to the defendant's conduct "in or vis-à-vis the forum"). The touchstone of specific-jurisdiction analysis is "whether the defendant's conduct shows that it reasonably anticipates being haled into court." *McFadin*, 587 F.3d at 759 (cleaned up). Even a single contact can support specific jurisdiction if it creates a "substantial connection" with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985).

That said, specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Sangha*, 882 F.3d at 103. Due process requires that specific jurisdiction be based on more than the "random, fortuitous, or attenuated" contacts a defendant makes by interacting with people affiliated with the forum state. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). The plaintiff thus "cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285.

Here, nothing about Defendant's activities suggests a connection with Texas. At the time of Plaintiffs' allegations, Defendant was a California corporation, and Gary Turner worked at its

6

California office. (Compl., Dkt. 1, at 2). It then transferred its incorporation to Delaware. (*Id.*). Defendant's only connection to Texas that relates to this litigation is that Plaintiffs moved to the State nearly 30 years after the relevant stock transfers took place. (*Id.* at 2–4). This is precisely the sort of attenuated connection that the Supreme Court rejected in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980) (rejecting the notion that a plaintiff's later travels to another state render a defendant subject to personal jurisdiction in the new state).[1] As a result, the Court lacks specific jurisdiction over Defendant. Because the Court has neither specific not general jurisdiction over Defendant, it will grant its motion to dismiss.

### B. Motion for Sanctions

In addition to its motion to dismiss, Defendant filed a motion for Rule 11 sanctions against Plaintiffs and their counsel. (Mot. Sanctions, Dkt. 12). Defendant requests reasonable attorneys' fees and expenses incurred in responding to the filing of Plaintiffs' action. (*Id.* at 6). It argues that Plaintiffs should have known there was no personal jurisdiction in Texas because a court in Illinois had already dismissed their complaint on similar grounds. (*Id.* at 1). Plaintiffs argue that the instant complaint was filed with good faith based on the residency of Plaintiffs in Texas, the difficulty of them traveling, and the presence of Defendant's corporate offices in Texas. (Pls.' Resp., Dkt. 16, at 5–7). They also argue—but do not separately move—for sanctions against Defendant for filing a frivolous Rule 11 motion. (*Id.*).

While personal jurisdiction is plainly lacking in the State of Texas, Plaintiffs' conduct is not so egregious as to warrant the imposition of sanctions. Courts should consider whether an action was willful or negligent, whether it was an isolated event, and what effect it had upon the litigation.

---

[1] Plaintiffs' only supporting authority—a case from the Houston Court of Appeals—is unavailing. In that case, a Texas appeals court found jurisdiction where a corporation trained a plaintiff in Texas knowing that he was a resident of Texas. *Turner Specialty Svcs. LLC v. Horn*, 2022 WL 16640624 (Tex. App.—Houston [1st Dist.] 2022). Those facts are inapplicable to Plaintiffs' complaint.

Fed. R. Civ. P. 11 advisory committee's notes to 1993 amendments. Here, there is no evidence that Plaintiffs intentionally set forth an incorrect argument regarding personal jurisdiction. While it is clear that Defendant's corporate office in Austin does not render it subject to general jurisdiction in the state, the mistake is not so frivolous as to deserve sanctions. And while Plaintiffs had previously filed in Illinois, they had at least some basis to think jurisdiction was possible in Texas based on the presence of corporate offices in Austin, even though the law does not ultimately support their conclusion. (Am. Compl., Dkt. 1, at 2).

"[T]he basic principle governing the choice of sanctions is that the least severe sanction adequate to serve the purpose should be imposed." *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976). Here, the Court finds that dismissal of the complaint itself is sufficient to serve the purpose of a sanction. In the event that Plaintiffs do refile, the Court notes simply that any further lawsuits outside of Delaware or California based on the same jurisdictional allegations raised here may rise to a level of egregiousness sufficient to deserve a monetary fine.

## IV. CONCLUSION

**IT IS ORDERED** that this Court's text order of January 24, 2023, referring Defendant's motion to dismiss, (Dkt. 8), is **VACATED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss, (Dkt. 8), is **GRANTED**. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's motion for sanctions, (Dkt. 12), is **DENIED**. Defendant's motion to set schedule, (Dkt. 15), is **MOOT**.

**IT IS FINALLY ORDERED** that this action is **CLOSED**.

**SIGNED** on March 10, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE